ESTATE OF DAVID W. CREWS, FRANK H. CREWS, SAMUEL T. CREWS
ET AL., HEIRS AT LAW AND NEXT OF KIN, PETITIONERS, v. COM-
MISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9010.  Promulgated October 22, 1927.

The value of property transferred by the decedent prior to the
passage of the Revenue Act of 1918, may not be included in the
gross estate under the provisions of section 402 (c) of that Act
merely because the conveyance was intended to take effect in
possession or enjoyment at or after his death.

L. L. Hamby, Esq., for the petitioners.
R. E. Copes, Esq., for the respondent.

This proceeding is for the redetermination of a deficiency in respect
of estate tax in the amount of $2,337.32, arising from the inclusion
in the decedent's gross estate, under the provisions of section 402 (c)
of the Revenue Act of 1918, of the value of certain real estate of
which he made transfers under the conditions described below.

FINDINGS OF FACT.

David W. Crews, a resident of Texas, died October 13, 1921.  By
deeds of conveyance, in which his wife joined, dated April 13, 1912,
the decedent transferred his Texas lands as follows: 1,043.91 acres in
two tracts of 225.91 and 818 acres, respectively, to his son, Frank H.
Crews; 344.6 acres to his son, Paul L. Crews; 328.5 acres to his
daughter, Annie M. Syler; 1,806.16 acres in two tracts of 225.91 and
and 1,580.25 acres, respectively, to his son, Samuel T. Crews; and
1,223.8 acres to his son, S. E. Crews, as trustee, for the donor's grand-
children, David, Annie, William, and Minnie Haile.

In each of the deeds it was provided that it should have the effect
of immediately vesting the title to the said land in the respective
grantee and that it should be operative and effective from the dates
thereof, but in each deed there was reserved, during the lifetime of
the decedent, David W. Crews, the use, possession and control of the
land and the rents and profits accruing therefrom; and in each deed
the grantor agreed in consideration of the reservation of the rents
and profits to pay all taxes accruing against the land during his life-
time.

Thereafter, during the latter part of the year 1914, the decedent, by
parole, relinquished to his son, Frank H. Crews, any right that he
had reserved in the control and possession of the income and profits
from the 225.91-acre tract and in the latter part of the year 1917 he
made a similar relinquishment as to the 818-acre tract which had
been deeded to the same son.

In the fall of 1914 the decedent made a similar relinquishment of
any right he had reserved in the deeds to his son, Paul L. Crews,

and his daughter, Annie M. Syler. During the latter part of the year 1914, decedent made a similar relinquishment of all reservations contained in the deed to the 225.91-acre tract conveyed to his son, Samuel T. Crews, and as to 400 acres of the 1,580¼-acre tract which had been conveyed to this son. During the year 1918 the decedent made a similar relinquishment of any reservation contained in the deed to this son as to the remaining part of the 1,580¼-acre tract.

Subsequent to the relinquishments above set out, the children entered into possession of and made valuable improvements on the lands theretofore deeded to them respectively, paid all of the taxes and received all of the income from the property during the lifetime of the decedent.

The Commissioner in determining the deficiency under the provisions of section 402 (c) of the Revenue Act of 1918, included the transferred lands in the gross estate as gifts intended to take effect in possession or enjoyment at or after the decedent's death.

OPINION.

Love: The issue presented by this proceeding is whether the Commissioner erred in including in the gross estate of David W. Crews, the value at the time of his death of the land transferred by him on April 13, 1912, to his sons, Frank H., Paul L., and Samuel T. Crews; his daughter Annie M. Syler, and his son, S. E. Crews, a trustee for his grandchildren, in all of which land the decedent reserved a life estate.

Petitioners contend that since the transfers of the land involved herein were made before the passage of the Revenue Act of 1918, that Act, so far as it requires the inclusion in the decedent's gross estate of the land so transferred, contravenes the Constitution.

It is further contended by the petitioners that the land transferred does not constitute a part of the gross estate for the reason that the decedent had, prior to his death and prior to the passage of the Revenue Act of 1918, verbally relinquished his life estates in the transferred properties to the respective donees. With respect to this contention, the Commissioner takes the position that the alleged verbal relinquishments of the life estates were not valid transfers of those estates under the law of Texas.

The issue presented herein is concluded by the decision of the United States Supreme Court in the case of *Nichols* v. *Coolidge,* 274 U. S. 531, wherein it was stated:

This court has recognized that a statute purporting to tax may be so arbitrary and capricious as to amount to confiscation and offend the Fifth Amendment. *Brushaber* v. *Union Pacific R. R.,* 240 U. S. 1, 24; *Barclay & Co.* v. *Edwards,* 267 U. S. 442, 450; see also *Knowlton* v. *Moore,* 178 U. S. 41, 77. And we must conclude that section 402 (c) of the statute here under consideration, in so far as it requires that there shall be included in the gross estate the value

of property transferred by the decedent prior to its passage merely because the conveyance was intended to take effect in possession or enjoyment at or after his death, is arbitrary, capricious and amounts to confiscation.

It is unnecessary, therefore, to discuss petitioner's contention as to the verbal relinquishments of the life estate.

*Judgment will be entered for the petitioners.*

Considered by Trussell, Littleton, and Smith.